# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 94-00032-01-CR-W-RK |
| ) | |
| TERRANCE DAVIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Terrance Davis' pro se motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 148.) Under the First Step Act, a court may reduce a term of imprisonment after an inmate has fully exhausted all administrative rights and upon finding extraordinary and compelling reasons for such sentence modification. The Court finds Defendant Davis' motion does not establish that he has exhausted his administrative remedies and does not establish extraordinary and compelling reasons exist for early release. For these reasons, the motion is **DENIED**.

### Discussion

While Davis labels his motion as one for reconsideration, he merely reargues his original reasons for compassionate release. Those reasons were rejected by the Court on June 3, 2020, in its order denying his first Motion for Compassionate Release.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, the Court may modify a defendant's term of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

1

Thus, to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant must demonstrate the following: (1) that he has exhausted his administrative remedies; (2) that extraordinary and compelling reasons warrant a reduction of his sentence; and (3) that the sentencing factors outlined in section 3553(a) support release. *Id.*

In this case, Davis petitioned the BOP to reduce his sentence on May 19, 2020, based on a debilitating medical condition. (Doc. 148 p.6). Davis' petition was denied by the warden on May 27, 2020. (*Id.*) On June 8, 2020, Davis filed an appeal via the administrative remedy process, which was denied June 22, 2020. (*Id.* pp.12-13.) Davis then filed an appeal with the North Central Regional Office on July 1, 2020, but has not yet received a response, as a response is not due until August 30, 2020. (*Id.* p.14.) As a result, the Court finds that Davis has not yet exhausted his administrative remedies. *See United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020) (holding that because the warden explicitly denied defendant's request, defendant needed to exhaust his administrative remedies to appeal the warden's denial before filing motion); *United States v. Johnson*, No. 4:00-CR-40023, 2020 WL 1434367, at *2 (W.D. Ark. Mar. 24, 2020) ("If the warden of the defendant's BOP facility denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.").

Additionally, as the Court discussed in the previous order, the Court has reviewed Davis' motions and the documents attached to the motions. (Docs. 143, 148.) Defendant alleges in his motion he has been diagnosed with hypertension and takes Lisinopril daily for blood pressure regulation. (Doc. 143, p.2.) Attached to his motion is a two-page document entitled "Bureau of Prisons Health Services Medication Summary Historical" which was generated on October 13, 2011, at 15:01 by "Buelt, Karen RHIT"; and a one-page document entitled "Bureau of Prisons Health Services Health Problems" which was generated on April 21, 2020, at 14:07 by "Daniels, Jack MRAS." (Doc. 143, p. 15-17.) No other medical records of Davis were submitted.

The attached medication summary shows that Davis was prescribed two medications—Amlodipine and Lisinopril—for "high blood pressure," both with a start date of December 14, 2010, and an expiration date of December 4, 2011. (Doc. 143, p. 16-17.) No documentation reflecting medications prescribed to Davis during the past eight years was submitted.

The attached medical document purports that Davis has been diagnosed as recently as January 10, 2019 with "Hypertension, Benign Essential." (Doc. 143, p. 15.) This document additionally provides the following test results:

TC 201 Tg 119 HDL 50 LDL 127 Ratio 4; 10y risk 5.7%
BMP/CBC/UA WNL
A1c 5.2

This evidence suggests that Davis has mild to moderate hypertension. While recognizing his concerns, Davis fails to establish extraordinary and compelling reasons for early release.

Furthermore, in his motion, Davis relies heavily on the case of his bunkmate, *United States v. Stone*, No. 09-CR-20074 (W.D. Ark. June 23, 2020). While Stone and Davis may have similar underlying health conditions, this Court finds that *Stone* differs from this case in two main ways: (1) the court in *Stone* found that the defendant had exhausted all his administrative remedies while this Court has found that Defendant has not yet exhausted his administrative remedies; and (2) the defendant in *Stone* was only two months away from his anticipated release date whereas Davis' anticipated release date is currently January 26, 2024. (*See* https://www.bop.gov/inmateloc/ last visited August 4, 2020).

For these reasons, and the ones set forth in the Government's opposition (Doc. 150), it is hereby **ORDERED** that Defendant Davis' motion for reconsideration of compassionate release (Doc. 148) is **DENIED.** The Clerk of Court is directed to mail a copy of this order to Davis via regular mail.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: August 18, 2020