UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.

TERRANCE DAVIS,

Case No. 94-00032-01-CR-RK

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of ____ is reduced to ____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

   If the defendant's sentence is reduced to time served:

      ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court considers Mr. Davis' medical condition, the ongoing pandemic in relation to his medical conditions, the crime of conviction, remaining sentence to be served, rehabilitation efforts, and the danger the defendant poses to the community. The Court finds Mr. Davis has not established extraordinary and compelling reasons for early release. Therefore, his motion for compassionate release is DENIED.

Furthermore, defendant requests appointment of counsel to further pursue a motion for compassionate release. (Doc. 116) The Eighth Circuit has determined that in proceedings under § 3582(c) there is no constitutional right to the appointment of counsel, nor is there a statutory right to counsel available under 18 U.S.C. § 3006A(c). United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009); See also United States v. Wilson, 5:08-CR-50051-KES, 2019 WL 7372975 at *3 (Dec. 31, 2019), (where the South Dakota United States District Court, citing United States v. Webb, 565 F 3d 789, 793-95 (11th Cir. 2009), found that the defendant did not have the right to counsel for a motion for compassionate release). The motion for appointment of counsel is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

December 17, 2020

                                                    Roseann A. Ketchmark
                                      UNITED STATES DISTRICT JUDGE